953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Arthur CICALESE, Defendant-Appellant.
 No. 91-5268.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1991.
Decided Jan. 17, 1992.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins, No. CR-90-51, Frederick P. Stamp, Jr., District Judge.
 Argued: David John Romano, Clarksburg, W.Va., for appellant; Thomas Oliver Mucklow, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 On Brief: Gregory H. Schillace, Clarksburg, W.Va., for appellant; William A. Kolibash, United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 After a three day trial, a jury convicted Thomas Cicalese of attempting to manufacture two non-narcotic Schedule II controlled substances, phenylacetone (P2P) and amphetamine HCL, in violation of 21 U.S.C. § 846, and maintaining a place for the purpose of manufacturing those drugs in violation of 21 U.S.C. § 856. Cicalese argues for reversal, or failing that, resentencing because of errors implicating voir dire, admission of evidence, and sentencing. Our review discloses no error. Accordingly, we affirm.
 
 
 2
 In the spring of 1990, Cicalese bought laboratory equipment and chemicals from a commercial supplier in St. Albans, West Virginia. Because the chemicals are often used to produce controlled substances, the supplier contacted the Drug Enforcement Administration (DEA). After his second purchase, DEA agents followed Cicalese home and, upon obtaining his consent, searched the premises. In addition to various chemicals, they found a laboratory in his garage. Agents seized some of the chemicals, as well as seven small marijuana plants and two "hits" of lysergic acid diethylamide (LSD). Cicalese's indictment, trial, and conviction followed. He was sentenced to 78 months in prison, five years of supervised release, and fined $3,000.
 
 
 3
 Cicalese contends that the court erred in refusing to ask prospective jurors voir dire questions formulated by the defense to uncover bias relating to drug use. Reversal is appropriate only if Cicalese was denied an opportunity to gather the information necessary for an intelligent exercise of his peremptory challenges. See United States v. Evans, 917 F.2d 800, 807 (4th Cir.1990), citing Swain v. Alabama, 380 U.S. 202, 219 (1965). Our review of the district court's voir dire convinces us that Cicalese obtained sufficient information with which to intelligently challenge jurors. The questions the court asked were designed to uncover prejudice; that they did so is demonstrated by the fact that two potential jurors voluntarily informed the court of a bias against drug use. Significantly, at the conclusion of the voir dire, defense counsel agreed that some of his questions had been "covered by the court quite adequately." Given these facts, we think that the district court acted within its discretion in refusing to ask the specific questions proposed by defense counsel.
 
 
 4
 Nor do we think that the court abused its discretion as contended in Cicalese's second argument for reversal. Cicalese alleges that the court erred by allowing the government to question him under Rule 404(b) about the marijuana plants and LSD that the agents found in his home. Cicalese, on direct examination, had denied that he was attempting to manufacture amphetamines and testified that he hated illegal substances and did not believe in them. The government then sought to cross examine him on the seized but uncharged contraband, arguing that this inquiry was admissible for impeachment purposes under Rule 404(b); the court allowed the inquiry on the grounds that Cicalese had raised the issue of his attitude about drugs. Cicalese argues that impeachment is not a permissible use of evidence of other crimes under Rule 404(b).[1] We have held, however, that Rule 404(b)'s list of permissible uses of other crime evidence is not exclusive and that appropriate evidence can be introduced for the purpose of impeachment. See United States v. Stockton, 788 F.2d 210, 219 n. 15 (4th Cir.1986).
 
 
 5
 Lastly, Cicalese argues that the destruction of the seized chemicals before they were weighed violated his right to due process of law. He maintains that exact weight is necessary because under the Sentencing Guidelines the offense level is determined according to the weight of the controlled substance which, in turn, is derived from the weight of the chemicals.[2] In essence Cicalese argues that there was not sufficient evidence of the weight of the chemicals, and asks us to remand for resentencing under the minimum for this offense, thereby reducing his sentence of 78 months to a maximum of 16 months.
 
 
 6
 Given the facts and circumstances surrounding his sentencing, however, we do not believe that Cicalese's due process rights were violated. Government evidence at trial included photographs of the chemicals whose labels show their weight, invoices recording the price and weight of the chemicals, and testimony of the sales clerk that the weights shown on the labels and invoices were accurate. In addition, Cicalese did not challenge the figures in the presentence report, which estimated the yield of heroin equivalence and determined the length of sentence.
 
 
 7
 Cicalese's suggestion that the government was obliged to weigh the chemicals before their destruction in accordance with Department of Justice regulations concerning destruction of controlled substances is also without merit. See 28 C.F.R. § 50.21 (1990). The chemicals at issue are not covered by the regulation because they are not controlled substances. Further, the DEA agents destroyed the chemicals in accordance with provisions in their agents' manual.
 
 
 8
 Finding no merit to the issues raised in this appeal, we affirm both the conviction and the sentence.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Rule 404(b) states:
 Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 Fed.R.Evid. 404(b).
 
 
 [2]
 The DEA calculated that the legal chemicals could produce 1,066 grams of phenylacetone (P2P) which could yield 1,360 grams of amphetamine HCL. According to the Sentencing Guidelines, that amount of amphetamine is the equivalent of 272 grams of heroin which mandates an offense level of 26. See U.S.S.G. § 2D1.1, Drug Equivalency Tables, and § 2D1.1(c)(9)